## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GEORGE CAPLAN, | : |
| Plaintiff, | : |
| v. | : |
| UNKNOWN NUMBER OF JOHN DOE TELEMARKETERS | : |
| Defendants. | : |

_____/

## COMPLAINT

### Preliminary Statement

1.   Plaintiff George Caplan ("Plaintiff" or "Mr. Caplan") brings this action to enforce the consumer-privacy provisions of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), a federal statute enacted in 1991 in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices. *See Mims v. Arrow Fin. Servs., LLC,* 132 S. Ct. 740, 745 (2012).

### Parties

2.   Plaintiff George Caplan is a Massachusetts resident located in this District.

3.   The Defendants are Unknown Telemarketers who have made over two thousand illegal telemarketing calls to telephone numbers subscribed to by Mr. Caplan that were listed on the DNC Registry.

4.   All of the Defendants have engaged in telemarketing into this District, as they did with the Plaintiff, in violation of the TCPA.

**Jurisdiction & Venue**

5. The Court has federal question subject matter jurisdiction over these TCPA claims. *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740 (2012).

6. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District, as the telemarketing calls to the Plaintiff was placed into this District.

**The Telephone Consumer Protection Act**

7. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry.  In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

8. The TCPA makes it unlawful to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system to wireless numbers or using an artificial or prerecorded voice to wireless or landline numbers. *See* 47 U.S.C. § 227(b)(1)(A)(iii).  The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A).  *See* 47 U.S.C. § 227(b)(3).

9. The TCPA specifically required the FCC to "initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1).

10. The FCC was instructed to "compare and evaluate alternative methods and procedures (including the use of ... company-specific 'do not call systems ...)" and "develop

proposed regulations to implement the methods and procedures that the Commission determines are most effective and efficient to accomplish purposes of this section." *Id.* at (c)(1)(A), (E).

**11.** Pursuant to this statutory mandate, the FCC established a national "do not call" database. *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, 18 FCC Rcd. 14014* ("DNC Order").

**12.** The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A). *See* 47 U.S.C. § 227(b)(3).

**13.** Unwanted telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting Off Robocalls* (July 22, 2016), https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls (statement of FCC chairman).

**14.** "The FTC receives more complaints about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016), https://www.ftc.gov/system/files/documents/advocacy_documents/commentstaff-ftc-bureau-consumer-protection-federal-communications-commission-rulesregulations/160616robocallscomment.pdf.

**15.** In fiscal year 2019, the FTC received 5.4 million complaints about unwanted telemarketing calls. Of those complaints, 71 percent were about robocalls. Federal Trade Commission, *FTC Releases FY 2019 National Do Not Call Registry Data Book* (October 18, 2019), https://www.ftc.gov/news-events/press-releases/2019/10/ftc-releases-fy-2019-national-do-not-call-registry-data-book?utm_source=govdelivery.

## Factual Allegations

**16.** Over the past four years, Mr. Caplan has received over two thousand telemarketing calls on his personal and residential land line phone line, (978) 2\*\*-\*\*\*\*, ("Number 1") that has long been listed on the National Do Not Call Registry.

**17.** Mr. Caplan received other telemarketing calls on his personal and residential wireless number (978) 4\*\*-\*\*\*\* ("Number 2") that has long been listed on the National Do Not Call Registry.

**18.** Other telemarketing calls were received on a personal and residential wireless number (978) 4\*\*-\*\*\*\* ("Number 3"), subscribed to Mr. Caplan but used by his wife.

**19.** Collectively, Number 1, Number 2, and Number 3 are referred to herein as "the Numbers."

**20.** Mr. Caplan never consented to receive telemarketing calls on the Numbers.

**21.** Upon and belief, the Caller Identification Numbers ("CID") for these telemarketing calls, that should have identified the correct number that initiated the telemarketing calls at issue, were "spoofed" to disguise the true number used to make the illegal telemarketing calls.

**22.** Spoofed telemarketing calls generated by scam artists or scofflaw telemarketers who manipulate telecommunications platforms to conceal their identities so theycan bombard consumers' phones and dupe them into answering — are a scourge visited upon millions of Americans every day. The Federal Communications Commission's chairman has described them

as "real threats to American consumers."[1] By some estimates, nearly half of all calls to cell phones are fraudulent.[2]

**23.** On many occasions, Mr. Caplan interacted with telemarketers illegally calling the Numbers and asked the telemarketers to identify themselves.

**24.** Time and time again, the telemarketers either terminated the call following Mr. Caplan's inquiry or provided Mr. Caplan with suspected fake names.

**25.** Because the CID phone numbers for these telemarketing calls were "spoofed," and because these telemarketers universally failed to identify themselves by their legal names as required by law, Mr. Caplan has been unable to identify the entities responsible for the over two thousand illegal telemarketing calls made to the Numbers over the past four years.

**Legal Claims**

**Count One:**
**Violation of the TCPA's Automated Calling provisions**

**26.** Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

**27.** The foregoing acts and omissions of Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227(b), by making automated telemarketing calls to the Numbers using an ATDS and/or artificial or prerecorded voice.

---

[1] *See FTC and FCC Host Joint Policy Forum and Consumer Expo to Fight the Scourge of Illegal Robocalls*, FTC.GOV (March 7, 2018), https://www.ftc.gov/news-events/press-releases/ 2018/03/ftc-fcc-host-joint-policy-forum-consumer-expo-fight-scourge.

[2] Press Release, First Orion, Nearly 50% of U.S. Mobile Traffic Will Be Scam Calls by 2019 (Sept. 12, 2018, 10:03 ET), https://www.prnewswire.com/news-releases/nearly-50-of-us-mobile-traffic-will-be-scam-calls-by-2019-300711028.html.

**28.** As a result of Defendants' actions, Mr. Caplan has been damaged and seeks statutory damages as provided by the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B).

**29.** Mr. Caplan is also entitled to seek injunctive relief prohibiting Defendants and/or their affiliates, agents, and/or other persons or entities acting on their behalf from violating the TCPA, 47 U.S.C. § 227, by making calls to the Numbers in the future.

**30.** The Defendants' violations were negligent and/or knowing.

**Count Two:**
**Violation of the TCPA's DNC provisions**

**31.** Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

**32.** The Defendants violated the TCPA by (a) initiating telephone solicitations to the Numbers all of which have been long been listed on the Do Not Call Registry, or (b) by the fact that others made those calls on their behalf. *See* 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)(2).

**33.** The Defendants' violations were negligent and/or knowing.

**34.** As a result of the Defendants' violations of the TCPA, 47 U.S.C. § 227(c)(5), Mr. Caplan has sustained damage and is entitled to an award of up to $500 in damages for each call made in violation of this section. The Court may award up to $1,500 if the violation was found to be "willful or knowing".

**35.** Mr. Caplan is also entitled to seek injunctive relief prohibiting Defendants and/or their affiliates, agents, and/or other persons or entities acting on their behalf from making calls advertising their goods or services, except for emergency purposes, to any of the Numbers.

**Relief Sought**

WHEREFORE, Plaintiff requests the following relief:

A.      The right to pursue discovery to identify the Defendants.

B.      Injunctive relief prohibiting Defendants from calling telephone numbers advertising their goods or services, except for emergency purposes, to any number on the National Do Not Call Registry or to any cellular telephone numbers using an ATDS and/or artificial or prerecorded voice in the future.

C.      Because of Defendants' violations of the TCPA, Plaintiff seeks for himself statutory damages for each violation or—where such regulations were willfully or knowingly violated, pursuant to 47 U.S.C. § 227(b)(3) and (c)(5).

D.      Such other relief as the Court deems just and proper.

PLAINTIFF,

By his attorney

/s/

Matthew P. McCue
THE LAW OFFICE OF MATTHEW P. MCCUE
1 South Avenue, Suite 3
Natick, MA 01760
Telephone: (508) 655-1415
mmccue@massattorneys.net